**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-40642

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFTON LLOYD BRUMLEY,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
(6:96-CR-8-1)

May 5, 1997

Before POLITZ, Chief Judge, KING, Circuit Judge, and DUPLANTIER,[*] District Judge.

PER CURIAM:[**]

---

[*]District Judge of the Eastern District of Louisiana, sitting by designation.

[**]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Clifton Lloyd Brumley appeals his convictions for bank robbery[1] and use of a firearm during a crime of violence[2] on the grounds that critical evidence was obtained in violation of the fourth amendment. Concluding that the challenged evidence was obtained legally, we affirm.

## **Background**

Brumley escaped from a work detail at a state prison near Texarkana, Texas. He obtained a firearm from an acquaintance, stole a Ford Explorer, and kidnaped the owner of the Explorer and her friend. Brumley drove to Tyler, Texas where he robbed a credit union. He then drove to a wooded area, freed the two hostages, and continued on to Shreveport, Louisiana where he hired a taxi to take him to Baton Rouge, Louisiana.

The FBI obtained arrest warrants for Brumley. Determining that Brumley had gone to Baton Rouge, the FBI distributed wanted posters there containing two pictures of Brumley, his name, and his aliases. While Brumley was at a strip club, an employee matched him to the pictures in the wanted poster and called the local police. A Baton Rouge police officer dispatched to the scene, a 20-year law

[1] 18 U.S.C. § 2113(a), (d).

[2] 18 U.S.C. § 924(c)(1)

enforcement veteran, identified Brumley as the man on the FBI poster, despite the blonde wig Brumley was wearing. The officer arrested and searched Brumley and found $1300 in cash on him. The police subsequently obtained a search warrant for Brumley's hotel room where they found, among other items, the money stolen from the credit union and a loaded firearm. The government charged Brumley with bank robbery and use of a firearm during the commission of a crime of violence. Brumley filed two motions to suppress the evidence obtained in the searches. The district court denied those motions and the case proceeded to trial by a jury which convicted Brumley on both counts. Brumley timely appealed.

## Analysis

Brumley contends that the officer lacked probable cause to arrest him and, therefore, he was searched pursuant to an illegal arrest and the $1300 discovered in that search should be suppressed. The critical issue herein is as the Supreme Court has taught, "when evidence is uncovered during a search incident to an arrest in reliance merely on a flyer or bulletin, its admissibility turns on whether the officers who issued the flyer possessed probable cause to make the arrest."[3] The FBI undeniably had probable cause when it issued the wanted posters because it

---

[3]**United States v. Hensley**, 469 U.S. 221, 231 (1985) (emphasis in original).

previously had obtained arrest warrants for Brumley. Brumley maintains, however, that probable cause was lacking because the officer arresting him acted solely on the poster which did not specifically identify the reasons Brumley was wanted. We are not persuaded. That Brumley's picture appeared on an FBI wanted poster, issued by officers who had probable cause to arrest him, sufficiently validates the arrest.

Brumley's second contention is that the warrant used to search his hotel room was obtained in reliance upon the evidence illegally seized in the search of his person. Having concluded that the first search was legal, it necessarily follows that this argument lacks merit.

Brumley's convictions are AFFIRMED.